MARGUERITE RAPP ET AL., APPELLEES, v. PETER MOSCREY ET AL., APPELLANTS.

FILED DECEMBER 26, 1918.   No. 20411.

Intoxicating Liquors: ACTION FOR DAMAGES: PETITION. The salient paragraph of the petition, together with the construction placed upon it in open court by its author, set out, and *held* to charge the shooting of plaintiffs' intestate to have been done by one of his companions, by himself, or by an unknown third party.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Arthur F. Mullen* and *A. S. Ritchie,* for appellants.

*W. W. Slabaugh* and *Joseph Rapp, Jr., contra.*

MORRISSEY, C. J.

Action for damages under the Slocumb liquor law, now obsolete. From a judgment for plaintiffs, defendants appeal.

Defendants' brief says: "The ten errors relied upon for reversal are all based on the same proposition; that is, the trial court erred in permitting the plaintiffs to recover on evidence that established a different cause of action than the one that was stated in the pleadings."

July 15, 1914, William Rapp, in company with Fred Schroeder and Peter Schroeder, drank intoxicating liquors at the saloon of defendant Moscrey. They also procured at that saloon a quantity of beer, which they carried with them to a point on the south side of Pacific street, in Omaha. There they remained for some time talking together in a noisy, boisterous way. While at this place each of the men named was shot, and, from the wounds there received, each subsequently died. The shooting took place in the darkness of the evening, and there is uncertainty as to how it occurred. After the shooting the Schroeders walked to their home, a short distance from where the shooting occurred, while Rapp walked to the home of a Mr. Hannah, 70 or 80 feet from the scene of the shooting. Before death, each of the parties stated that he had been "shot by Dagoes."

There is nothing to indicate any motive on the part of any person to take the lives of these men. They were friends, and no reason has been suggested for their quarreling, except their intoxication. The petition alleges that "William Rapp was shot, and that the said intoxicating liquors so sold, given and furnished to said William Rapp, Fred Schroeder and Peter Schroeder, and to each of them, and by each of them drunk, * * * caused and rendered the said William Rapp, Fred Schroeder and Peter Schroeder, * * * to become and to be intoxicated, and caused said William Rapp, Fred Schroeder and Peter Schroeder, and each of them, to loiter and delay on their way home from said

saloon, and caused each of them to be unable to protect himself from injury from another or others, and caused each of them while so intoxicated to become boisterous, noisy, careless, reckless, annoying and quarrelsome, * * * to another person, or persons, which other person or persons are unknown to plaintiff, and which intoxicating liquors so causing said William Rapp, Fred Schroeder and Peter Schroeder, and each of them, to become boisterous, rude, noisy, careless, reckless, annoying and quarrelsome and to quarrel with such other person, or persons, caused such other person, or persons, to shoot said William Rapp, and to cause said William Rapp to be shot, * * * and which intoxicating liquors so sold, given and furnished the said William Rapp, as aforesaid, caused and rendered him to be unable to protect himself from injury by or from the said person, or persons, shooting, and caused said William Rapp to be shot and to die.''

The phraseology of the petition was called to the attention of the trial court at the close of the plaintiffs' case in chief by motion for a directed verdict.

Defendants pointed out that ''the petition is drawn on the theory that the deceased, William Rapp, was killed by some person or persons other than the Schroeders, and the proof is that William Rapp was killed by the Schroeders, or by himself; that plaintiffs' evidence clearly establishes that the deceased, William Rapp, was not killed by a person other than the Schroeders or himself,'' and a variance was alleged between the allegations of the petition and the proof.

Thereupon attorneys for plaintiffs gave the following as their construction of the allegations of the petition: ''The plaintiffs' attorneys, who drew the petition, drew it to apply to the shooting of each one by the other of those three persons or by any other person, as it states that each one was shot by another or others who is not known. That is, it was not known, the name of the person who did the shooting of each of these persons,

whether it was one of the Schroeders, or Rapp, or any other person.''

.In the brief defendants argue that the petition alleges the shooting to have been done by some person not named therein. It may be that the allegations of the petition are susceptible of the construction contended for by either party; perhaps it might have been more happily phrased. But plaintiffs' theory of the case was fully explained and made known by the statement made in court before defendants had offered any proof. If they were taken by surprise, or in any way prejudiced, in making their defense, they then had an opportunity to apply to the trial court for a suitable order, but they elected to proceed with the trial.

Plaintiffs' theory is that these men engaged in a drunken quarrel and were shot while so engaged, and that it is immaterial whether each shot himself, was shot by one of his companions, or was shot by some person unknown. Notwithstanding the statement of defendants, in their motion for a directed verdict, that plaintiffs' proof showed ''that William Rapp was killed by the Schroeders or by himself,'' it is here argued that the proof shows ''that these men, while chatting with each other, were assassinated by some unknown third person,'' and it is said that this is the theory upon which defendants tried their case. It may be said that there is evidence to support this theory, as well as evidence to support the theory that these men quarreled among themselves, and, during the quarrel, shot one another, or that each shot himself. The court left the jury to determine whether the conduct of these three men was influenced by their intoxication, and whether their intoxicated condition contributed to, or caused, the killing of Rapp. The verdict is an affirmative answer, and there is ample evidence to sustain the verdict.

Criticisms are made of instructions given, and refusal to give instructions requested, but these criti-

103 Neb.—3

cisms are based on the claimed variance between the petition and the proof. Construing the petition as we do, no error appears in the instructions, and the judgment is

AFFIRMED.

ROSE and SEDGWICK, JJ., not sitting.